Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MICHAEL SABLOW and DOES 1-10.<br><br>          Defendants. | Case No.: 2:15-cv-07757<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, BARRY ROSEN ("Plaintiff"), by and through his attorneys of record, alleges against MICHAEL SABLOW and Does 1 -10 (collectively "Defendants") as follows:

## I.    THE PARTIES

1.    Plaintiff Barry Rosen ("Plaintiff") is a professional photographer who currently, and at all relevant times, has resided within the County of Los Angeles,

California. Plaintiff's images at issue are copyrighted images, registered with the United States Copyright Office, to which Plaintiff owns all rights, title, and interest.

2.      Plaintiff is informed and believes that Defendant Michael Sablow ("Sablow") is an individual residing within the City of Los Angeles, California.

3.      Plaintiff is informed and believes that Defendant Sablow has operated and is currently operating as a seller on eBay under the username cardboardlegendsonline. Plaintiff is informed and believes that Sablow has been operating as a seller on eBay since 1998.

4.      Plaintiff is informed and believes that Sablow's actions on eBay are dedicated to publishing, displaying, and selling celebrity photographs and collectibles. Plaintiff is informed and believes that Sablow has sold thousands of items to customers via the cardboardlegendsonline eBay account.

5.      Plaintiff is informed and believes that Sablow has operated, and at all relevant times operated, a brick and mortar store called Cardboard Legends (the "Store") in Van Nuys, California where it sells autographed celebrity and sports memorabilia.

6.      Plaintiff is informed and believes that Sablow has operated and does operate a commercial website under the name Cardboard Legends at www.stores.cardboardlegendsonline.com to sell his merchandise.

7.      Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 10, and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave from the Court to amend this Complaint to set forth their true names,

identities, and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants".

8.      Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.      JURISDICTION AND VENUE

9.      Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint. This action is for damages and permanent injunctive relief arising from Defendants' copyright infringements in violation of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

10.      ***Subject Matter Jurisdiction:*** This action arises under the Copyright Act, 17 U.S.C. sections 101 *et seq.* and 501(a) *et seq.* This Court has original subject matter jurisdiction over all claims, pursuant to 28 U.S.C. sections 1331 and 1338(a).

11.      ***Venue:*** Plaintiff is informed and believes that venue is proper in this Court, pursuant to 28 U.S.C. section 1391(b) and (c) and Section 1400(a), in that the claims arise in this Judicial District, the injury suffered by Plaintiff took place in this judicial district, and Defendants transact business in this judicial district.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

12.    ***Personal Jurisdiction:***  Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years, among other reasons, Defendants operated and/or currently operate commercial businesses focused on celebrity memorabilia and photographs and through which Defendants knowingly, systematically, and continuously transacted or transact business and entered or enter into contracts on an ongoing basis with and provided or provide services to individuals or companies in California, including within the County of Los Angeles; and Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Plaintiff's copyrights within California.

## III.

## FACTUAL ALLEGATIONS

13.    Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint.

14.    Plaintiff Rosen is an individual photographer. Plaintiff created the one (1) photographic work at issue in this case (the "Photograph"). The Photograph consists of material original with Plaintiff and is copyrightable subject matter. Plaintiff is the owner of all rights, title, and interest in the Photograph.

15.    Plaintiff is informed and believes that Defendant Sablow, at all relevant times, was and is in the business of selling copyright infringing celebrity photographs on eBay under the username cardboardlegendsonline.

16.     Plaintiff is informed and believes that Defendant Sablow, at all relevant times, was and is in the business of selling copyright infringing celebrity photographs at the Store.

17.    Plaintiff is informed and believes that, prior to the time of the infringements as alleged herein, Plaintiff had registered the copyright for the Photograph and had been issued a Certificate of Registration. Specifically, the copyright number and name of the Photograph is as follows:

(1) Reg. No. VAu 692-230; Daisy Fuentes

18.    The Photograph was not a "work for hire".

19.    Within the last three years, Plaintiff discovered that Defendant Sablow unlawfully copied, publicly displayed, uploaded/downloaded, and distributed the copyright registered Photograph without a license on eBay, constituting direct copyright infringement, pursuant to sections 106 and 501 of the Copyright Act (17 U.S.C section 106 and 501).

20.    Within the last three years, Plaintiff discovered that Defendant Sablow unlawfully copied, publicly displayed, and distributed the copyright registered Photograph without a license at the Store, constituting direct copyright infringement, pursuant to sections 106 and 501 of the Copyright Act (17 U.S.C sections 106 and 501).

21.    Plaintiff is informed and believes that Sablow, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded, caused to be uploaded/downloaded, publicly displayed, and distributed the Photograph to a global audience on the World Wide Web via eBay and/or publicly displayed, offered for sale, and/or distributed the infringing works via the Store.

22.    Plaintiff is informed and believes that at all relevant times the infringing Photograph at issue was publicly accessible and actually distributed to members of the public. Plaintiff is furthered informed and believes that Defendant's repeated infringements are willful.

23.    Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

24.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

25.     Defendants, by contributing to the unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

## IV.
## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. 106 and 501

26.     Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

27.     Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendants.

28.     Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Photograph. (17 U.S.C. § 106(1), (3), and (5).)

29.     By the actions alleged above, Defendants have infringed on Plaintiff's copyrights by copying, displaying, publishing, and distributing Plaintiff's copyrighted Photographs without permission to a global audience on the World Wide Web.

30.     Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge and/or willfully blind to the fact that the Defendants did not have the right to copy, upload, distribute, or publicly display

the Photograph as such would infringe the rights of Plaintiff. Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photograph.

31.    Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the rights to use the Photograph in the manner in which they used the Photograph in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.).

32.     Plaintiff is informed and believes that, by the actions alleged above, Defendants violated Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et. seq. making Defendants liable for willful direct copyright infringement.

33.    As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.  At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

34.    Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## V. SECONDARY COPYRIGHT INFRINGEMENT PURSUANT TO
## 17 U.S.C. § 101 *et seq.* (Contributory and Vicarious)

35.     Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

36.     By the actions alleged above, Defendants had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendants had no right to copy, upload, display, distribute, or download the Photograph and consciously disregarded such knowledge.

37.     Plaintiff is informed and believes that Defendants continued to infringe on Plaintiff's copyrights by continuing to copy, publicly display, and distribute the Photograph even after receiving constructive and/or actual knowledge of the infringing activity.

38.     Plaintiff is informed and believes that by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement.

39.     Defendants' conduct constitutes contributory (and inducement) copyright infringement of Plaintiff's exclusive rights in the Photograph in violation of 17 U.S.C. §§ 106 and 501.

40.     Plaintiff is informed and believes that Defendants had the right and ability to control the infringing conduct alleged above occurring at the Store, and on Defendants' website, and have derived, or have attempted or intended to derive, a direct financial benefit from the infringing display and use of the Photograph. Such conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under the copyright in the Photograph in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 and 501).

41.     As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including

attorney's fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringements of his copyrights of up to $150,000.00 per infringement.

42.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For Plaintiff's actual damages.
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.
3. For statutory damages under the Copyright Act of up to $150,000.00 per infringement and,
4. For prejudgment interest.
5. For attorneys' fees and costs.
6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:
   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

9
COMPLAINT FOR COPYRIGHT INFRINGEMENT

      b.  the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photograph, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photograph; and

7. For such other and further relief as this Court deems just and appropriate.

Dated: October 2, 2015           LAW OFFICES OF ADAM I. GAFNI

                                     By: /s/ Adam I. Gafni
                                     Adam I. Gafni
                                     Attorneys for Plaintiff
                                     Barry Rosen

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 2, 2015                LAW OFFICES OF ADAM I. GAFNI


                                      By:  /s/ Adam I. Gafni
                                      _____
                                      Adam I. Gafni
                                      Attorneys for Plaintiff
                                      Barry Rosen

COMPLAINT FOR COPYRIGHT INFRINGEMENT